IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,                            ORDER

      v.                                    06-cr-106-bbc-02

TYLER J. WOHLUST,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Tyler J. Wohlust's supervised release was held on October 25, 2011, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Jeffrey M. Anderson. Defendant was present in person and by counsel, Associate Federal Defender Erika L. Bierma. Also present was U. S. Probation Officer Michael J. Nolan.

From the parties' stipulation and the record I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on October 18, 2006, following his conviction for distribution of 5 grams or more of cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and

18 U.S.C. § 2. This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 49 months, with a 60-month term of supervised release to follow. On March 13, 2008, defendant's custody sentence was amended to 37 months' imprisonment.

On April 7, 2009, defendant's first term of supervised release commenced. On August 12, 2009, I modified defendant's conditions of supervised release to include placement at a residential reentry center for up to 180 days to allow him to focus on his substance abuse treatment and to secure employment. On November 5, 2010, defendant's first term of supervised release was revoked after he failed to complete the residential reentry center placement, submit monthly reports, report to the probation office as directed, be truthful with the probation officer, work regularly at lawful employment, report a change in residence and report police contact. He also associated with persons convicted of a felony, failed to report for substance abuse treatment and testing and provided a urine sample that tested positive for marijuana. Defendant was sentenced to an 11-month term of imprisonment, to be followed by a 36-month term of supervised release. All previous provisions of the original judgment and modifications remained in effect.

On August 19, 2011, defendant began his second term of supervised release. On September 27, 2011, he violated Special Condition No. 5, requiring him to complete a placement at a residential reentry center for up to 180 days, when he was terminated from

the residential reentry program at Rock Valley Community Programs for numerous violations and poor conduct.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may (A) revoke supervised release; (B) extend the term of supervised release or modify the conditions of supervision; or do both, upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is I. With a Grade C violation, he has an advisory guideline range of imprisonment of three to nine months. The statutory maximum to which a defendant can be sentenced upon revocation is three years, according to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which the defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range to hold defendant accountable for his violations and protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Tyler Wohlust on November 4, 2010, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months with no supervised release to follow. I recommend that he be afforded an opportunity for mental health treatment while he is in custody.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 26th day of October, 2011.

BY THE COURT:

/s/

BARBARA B. CRABB

District Judge